█ Jankie Chattergoon, as Administrator of the Estate of Rampatti Chattergoon, Deceased, Respondent, v New York City Housing Authority, Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered May 19, 1989, which granted petitioner's motion for an order declaring, nunc pro tunc, that his notice of claim be deemed timely served, is reversed, on the law and facts, and the motion is denied with respect to claims other than that for wrongful death, without costs or disbursements.

Decedent was stabbed 11 times and killed in her apartment on December 3, 1987. The premises in question is owned and operated by the respondent New York City Housing Authority.

Petitioner, decedent's son, retained counsel on February 5, 1988, but a notice of claim, noticing an action for wrongful death and conscious pain and suffering, was served upon the respondent Housing Authority only on October 28, 1988. Petitioner, on February 16, 1989, appeared pursuant to section 50-h of the General Municipal Law for a hearing concerning the notice of claim. Thereafter, petitioner's attorney moved on March 1, 1989 for leave to file a late notice of claim with respect to the cause of action for conscious pain and suffering. The IAS court granted petitioner's motion.

The respondent concedes that since General Municipal Law § 50-e (1) (a) provides that a claimant's time to serve a notice of claim for wrongful death begins to run from the date of the appointment of a representative for the decedent's estate, the petitioner's wrongful death claim is timely since letters of administration were not granted to petitioner until August 16, 1988, and the notice of claim which included the claim for wrongful death was served within 73 days of the petitioner's receipt of limited letters of administration.

On an application to file a late notice of claim, the party seeking the relief must give a satisfactory explanation for the delay *(Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *Rodriguez v City of New York,* 86 AD2d 533, *appeal dismissed* 58 NY2d 899). The petitioner contacted his attorneys on February 5, 1988, well within three months of the date of the occurrence, December 3, 1987. The proffered excuse of said counsel for not timely filing the notice was that he did not determine that petitioner had a viable claim until April of 1988 because counsel encountered difficulty in obtaining facts due to the ongoing police investigation. Despite this conceded knowledge in April 1988, counsel still did not move for leave to serve a late notice of claim until March 1, 1989, almost a year later. Moreover, review of the notice demonstrates that the essential facts were necessarily known to the plaintiff and conveyed to counsel when he first retained counsel in February 1988. Thus, the excuse is patently inadequate, amounting simply to "law office failure", and that is not a sufficient excuse for failure to timely file the notice of claim *(Bullard v City of New York,* 118 AD2d 447, 450 [Kassal, J., concurring]).

The IAS court found that by virtue of the ongoing police investigation by the housing police of the decedent's murder, the respondent had "actual notice of [the] occurrence". However, knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. "What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the 'claim' " *(Thomann v City of Rochester,* 256 NY 165, 172; *see also, Bullard v City of New York, supra,* at 450-451). The police investigation into the murder of the petitioner's decedent was geared toward finding the murderer and not toward preparation of a possible claim for pain and suffering on the basis of alleged negligence by the respondent. Thus, the respondent did not have actual notice of the claim.

Finally, since the police investigation was aimed solely at the perpetrator of the crime and not the preparation of a

defense in a civil suit, there was prejudice caused to the respondent Authority by the delay in filing the notice of claim with respect to the claim for pain and suffering. Clearly, the condition of the door and locks, which are alleged to have been negligently maintained, may have changed over time. Further, to reconstruct the maintenance procedures of the building and interview witnesses a year after the incident occurred is also more difficult than it would have been had petitioner timely notified respondent of his claim. Concur—Ross, Milonas and Asch, JJ.

Kupferman, J. P., and Ellerin, J., dissent in a memorandum by Kupferman, J. P., as follows: I would affirm.

The notice of claim states that it is for "Wrongful death, pain and suffering due to negligence."

It is conceded that, pursuant to General Municipal Law § 50-e (1) (a), the notice, with respect to the wrongful death aspect, is timely. We are left then with the claim for pain and suffering. There can be no doubt that the Housing Authority had actual notice within the 90 days. In view of the criminal investigation, there was a rational basis for seeking information prior to filing the notice of claim. It was actually filed within one year and 90 days of the occurrence, which, as a matter of discretion, makes it timely. (General Municipal Law § 50-e [5].) This seems to be the proper result because, otherwise, the claim is bifurcated, with one aspect going forward and the other terminated, an unseemly result.