■ GUY MATTHEWS, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent.—In an application for leave to serve a late notice of claim, pursuant to General Municipal Law § 50-e, (1) the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 10, 1990, which granted the application, and (2) the plaintiff appeals from an order of the same court, dated April 8, 1991, which denied his motion to "renew" his application.

Ordered that the order dated April 10, 1990, is reversed, on the law and the facts, and the application is denied; and it is further,

Ordered that the order dated April 8, 1991, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On October 23, 1989, while the plaintiff was waiting for an elevator in the lobby of a building owned and managed by the defendant, he was allegedly shot in the leg during a robbery. Alleging that the injury resulted from the negligence of the defendant, the plaintiff moved by order to show cause dated February 27, 1990, for leave to serve a late notice of claim. He alleged that his inability to file a timely notice of claim was due to his disability resulting from the injuries he suffered in the attack. He also claimed that since members of the defendant's police department responded to the scene, the defendant acquired actual notice of the essential facts which form the basis of his claim.

We find that the plaintiff did not establish his entitlement to leave to serve a late notice of claim and, therefore, the application must be denied. The plaintiff failed to explain adequately the delay in consulting an attorney and taking the steps necessary to serve a timely notice of claim, since he did not submit hospital records or a medical affidavit to support his claim of physical disability *(see, Rosenblatt v City of New York,* 160 AD2d 927; *Fox v City of New York,* 91 AD2d 624).

Additionally, the plaintiff failed to establish that the defendant had actual notice of the essential facts underlying his claim. The Police Aided Report prepared by a member of the Housing Authority Police merely states that "Aided stated he was waiting for elevator when 2 [unknown] males pulled gun [and] shot him in left calf". The report does not allege any

facts from which actual or constructive knowledge of the claim now being asserted could be discerned. A Police Aided Report that fails to connect an occurrence with any negligence on the part of the public corporation does not furnish actual knowledge of the essential facts underlying the claim *(see, Caselli v City of New York,* 105 AD2d 251; *Fox v City of New York, supra).*

We find that the Supreme Court properly denied the plaintiff's motion to renew his application for the express purpose of supplementing the record. "A prevailing party is not permitted to renew a motion upon which it has already prevailed, particularly where, as here, the [motion] was made subsequent to the filing of a notice of appeal from the original motion" *(Serino v Miller Brewing Co.,* 167 AD2d 919; *see also, O'Donnell v County of Erie,* 159 AD2d 982; *Diviak v Schulefand,* 140 AD2d 950). Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.