■ In the Matter of JOHN SIENA, Respondent, v MARLBORO HOUSES et al., Appellants.—In a proceeding for leave to serve late notices of claim, the appeal is from an order of the Supreme Court, Kings County (Spodek, J.), dated August 24, 1990, which granted the application.

Ordered that the order is reversed, as a matter of discretion, with costs, and the application is denied.

On August 27, 1989, the petitioner was robbed and thrown down the stairs by unknown assailants inside the building in which he resided and which was owned and operated by the appellants. On April 1, 1990, the petitioner's apartment was burglarized. In July 1990, the petitioner applied for leave to

serve late notices of claim with respect to the two incidents. The Supreme Court, Kings County, granted the application. We now reverse.

The petitioner failed to provide a reasonable excuse for his failure to timely serve the notices of claim. While "the absence of an acceptable excuse for the delay is not necessarily fatal to the application" *(Montalto v Town of Harrison,* 151 AD2d 652, 653; *Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838, 839), where, as here, there is also a failure to establish that the appellants had actual knowledge of the facts within 90-day period, the application should be denied *(see, Pantelup v City of New York,* 176 AD2d 932; *Matter of Perry v City of New York,* 133 AD2d 692; *Matter of Cali v County of Suffolk,* 132 AD2d 555).

The petitioner's assertion that the police reports of the two incidents indicate that the appellants had actual knowledge of the facts is without merit. A police report dated August 27, 1989, merely indicates that the petitioner was robbed and pushed down the stairs, and a police report for the April 1, 1990, incident merely indicates that the petitioner's apartment was burglarized on April 1, 1990. In neither instance does the police report connect the incident with any negligence on the part of the appellants. Certain Civil Court documents submitted by the petitioner suffer from the same defect *(see, Matthews v New York City Hous. Auth.,* 180 AD2d 669; *Evans v New York City Hous. Auth.,* 176 AD2d 221).

The petitioner's proposed notices of claim are patently defective in that they are completely silent as to what it is claimed that the appellants negligently did or failed to do *(see, Altmayer v City of New York,* 149 AD2d 638; *Caselli v City of New York,* 105 AD2d 251). Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.