■ In the Matter of MINNIE PETERSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—In a proceeding

for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Williams, J.), dated January 30, 1990, which denied the application.

Ordered that the order is affirmed, with costs.

On or about February 7, 1990, the petitioner, a diabetic, stepped on a small piece of metal wire allegedly left inside her apartment by the respondent's workers, who had repaired a water leak in October and November of 1989. On February 14, 1990, the petitioner saw a physician and was thereafter hospitalized. By notice of motion dated June 22, 1990, the petitioner sought leave to serve a late notice of claim. The court denied the motion. We affirm. The record shows that the respondent would be substantially prejudiced if the motion were granted, in that the respondent had no knowledge of the alleged negligence or injury until this notice of motion was served (see, Matter of Siena v Marlboro Houses, 188 AD2d 534; Matter of Katz v Rockville Centre Union Free School Dist., 131 AD2d 574; Cedano v City of New York, 51 NY2d 896; Kravitz v County of Rockland, 112 AD2d 352). Rosenblatt, J. P., Lawrence, O'Brien and Pizzuto, JJ., concur.