■ In the Matter of KEPSNIDE PLANTIN et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [611 NYS2d 28] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Garry, J.), entered February 28, 1992, which denied the application.

Ordered that the order is affirmed, with costs.

At about 8:00 P.M. on March 16, 1990, the then 13-year-old infant petitioner sustained serious physical injuries when she was assaulted at gunpoint by three men on the roof of the apartment building owned and operated by the New York City Housing Authority (hereinafter the NYCHA). By service of an order to show cause on or about January 2, 1992, the infant and her mother commenced the instant proceeding seeking leave to serve a late notice of claim. The mother alleged that the NYCHA had actual notice of the claim and would not be prejudiced by the late service since there was a police investigation at the time of the crime. The mother also alleged that the "only reason" she failed to file a timely notice of claim was because she did not realize the seriousness of her daughter's injuries until after August 1990 (when the infant was hospitalized for a new medical problem).

The determination as to whether to grant leave to serve a

late notice of claim "is a question committed to the sound discretion of the [trial] court" *(Matter of Gruber v City of New York,* 156 AD2d 450, 451), and we find that the denial of the application was not an improvident exercise of discretion. The proffered excuse for the delay, that the mother did not realize the seriousness of the daughter's injuries until several months after the incident, was unreasonable under the circumstances of this case. Moreover, the mother's asserted unawareness of the statutory requirements will not suffice as an excuse *(see, Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824).

In addition, although an infant is involved, it is clear from the motion papers that the delay was unrelated to the infancy. While this fact is not necessarily fatal to an application for permission to serve a late notice *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 672), "the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief" *(Matter of Gandia v New York City Hous. Auth., supra,* at 824; *see also, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Kardashinsky v New York City Hous. Auth.,* 182 AD2d 676).

Moreover, the petitioners' assertion that the NYCHA had actual knowledge of the incident by virtue of various police reports is unpersuasive. There is nothing in the police reports that would connect the incident with any negligence on the part of the NYCHA *(see, Matter of Siena v Marlboro Houses,* 188 AD2d 534; *Matthews v New York City Hous. Auth.,* 180 AD2d 669), and any police investigation into the crime would have been "geared toward finding the [perpetrators] and not toward the preparation of the possible claim for pain and suffering on the basis of the alleged negligence by the [NYCHA]" *(Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, 142, *affd* 78 NY2d 958; *Matter of Russ v New York City Hous. Auth.,* 198 AD2d 361). Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.