■ SUSAN WEBER, Individually and as Administratrix of the Estate of BARRY WEBER, Deceased, et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [616 NYS2d 807] —In an action to recover damages for wrongful death, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), entered December 17, 1992, which, upon granting the plaintiff's motion pursuant to CPLR 2221 to renew her application for leave to serve a late notice of claim under General Municipal Law § 50-e (5), granted leave to serve a late notice of claim.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the plaintiff's application is denied.

On November 7, 1989, the plaintiff's decedent was electrocuted while performing work in the Suffolk County Criminal Court Building in Riverhead. The plaintiff, the decedent's widow, was appointed administratrix of her husband's estate on June 1, 1990, but did not consult an attorney regarding the possibility of bringing this action until March 22, 1991. She did not move for permission to serve a late notice of claim until August 26, 1991. The plaintiff's initial application for

leave to serve a late notice of claim was denied by order of the Supreme Court, Suffolk County (Gerard, J.), on the ground that she had not proven actual notice to the County. However, her motion to renew was granted based on the submission of a copy of a New York State Police Investigation Report, which the court found had afforded the County actual knowledge.

The plaintiff has failed to offer any explanation for her delay of approximately 21 months in filing an application for leave to serve a late notice of claim (see, e.g., Sellars v New York City Hous. Auth., 173 AD2d 691), other than to suggest that she was ignorant of the statutory requirements—an excuse which has long been held to be unacceptable as an explanation for a party's failure to serve a timely notice of claim (see, Matter of Plantin v New York City Hous. Auth., 203 AD2d 579; Matter of Tricomi v New York City Hous. Auth., 191 AD2d 447; Matter of Gandia v New York City Hous. Auth., 173 AD2d 824).

In addition, although the New York State Police Investigation Report reflects that County officials were aware that the plaintiff's decedent had been electrocuted on County property, there is nothing in the report that would connect the accident with any failure on the County's part to provide the decedent with a safe place to work, with the result that it cannot be said that the County had "actual knowledge" that it was being charged with responsibility for the accident (see, Matter of Leiblein v Clark, 207 AD2d 348; Matter of Plantin v New York City Hous. Auth., supra; Chattergoon v New York City Hous. Auth., 161 AD2d 141, 142, affd 78 NY2d 958; Matter of Mallory v City of New York, 135 AD2d 636, lv denied 72 NY2d 803; Levine v City of New York, 111 AD2d 785). Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.