■ In the Matter of REGINA DANCY, Respondent, v POUGHKEEPSIE HOUSING AUTHORITY, Appellant. [631 NYS2d 879] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Poughkeepsie Housing Authority appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 21, 1994, which granted the application.

Ordered that the order is reversed, on the law, with costs, the application is denied, and the proceeding is dismissed.

The petitioner was injured when the car in which she was a passenger was involved in an accident with a vehicle that was owned and operated by the Poughkeepsie Housing Authority.

Approximately three months after the expiration of the 90-day period within which to serve a notice of claim, the petitioner commenced this proceeding for leave to serve a late notice of claim. According to the petitioner, the reason she failed to serve a timely notice of claim was that she was unaware of the notice-of-claim requirement. In addition, her attorney argued that the Poughkeepsie Housing Authority had actual notice of the accident since a police report was prepared with regard thereto. The Supreme Court granted the petitioner's application for leave to serve a late notice of claim. We reverse.

The petitioner's alleged ignorance of the law is not an excuse for her failure to serve a timely notice of claim *(see, Weber v County of Suffolk,* 208 AD2d 527; *Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579; *Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447; *Figueroa v City of New York,* 92 AD2d 908).* Additionally, under the circumstances of this case, the police report did not constitute notice to the Poughkeepsie Housing Authority *(see, Caselli v City of New York,* 105 AD2d 251, 255-256; *see also, Ribeiro v Town of N. Hempstead,* 200 AD2d 730, 731; *Matter of Dube v City of New York,* 158 AD2d 457).* Accordingly, the petitioner's application for leave to serve a late notice of claim should have been denied. Sullivan, J. P., Thompson, Ritter and Friedmann, JJ., concur.