■ In the Matter of TYREEF LENOIR, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [658 NYS2d 140] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated May 6, 1996, which granted the application.

Ordered that the order is reversed, as a matter of discretion, with costs, and the application is denied.

On April 24, 1995, the petitioner was shot in the stairwell of an apartment building where he resided, which was owned by the New York City Housing Authority (hereinafter NYCHA). Several days before expiration of the statutory 90-day notice period, the petitioner filed a notice of claim with the Comptroller of the City of New York. The petitioner was notified in late September 1995 that he had filed the notice of claim with the wrong entity and, nearly one month later, on October 23, 1995,

he served the notice of claim on the NYCHA. After the notice was rejected as untimely, the petitioner commenced this proceeding for leave to serve a late notice of claim.

We conclude that the Supreme Court improvidently exercised its discretion in granting the petitioner's application. The petitioner's contention that the NYCHA had actual notice of his claim within the 90-day period because the police investigated the incident is unpersuasive. The police investigation would have been " 'geared toward finding the [perpetrators] and not toward the preparation of the possible claim for pain and suffering on the basis of the alleged negligence by the [NYCHA]' " (Matter of Plantin v New York City Hous. Auth., 203 AD2d 579, 580, quoting Chattergoon v New York City Hous. Auth., 161 AD2d 141, 142, affd 78 NY2d 958; see also, Matter of Russ v New York City Hous. Auth., 198 AD2d 361).

Moreover, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim" (Chattergoon v New York City Hous. Auth., supra, at 142). The petitioner asserted in this proceeding that the NYCHA was negligent in failing to take action against his assailants, who resided in the building, based on their previous criminal activity. The police report indicates that the perpetrators were unknown, and the report does not connect the shooting with any negligence on the part of the NYCHA (see, Matthews v New York City Hous. Auth., 180 AD2d 669).

Contrary to the petitioner's contention, a letter dated May 1, 1995, in which he asked the NYCHA for an emergency transfer because of the incident, was insufficient to alert the NYCHA to the facts underlying his claim of negligence. The letter did not allege that the NYCHA had been remiss in failing to remove "nuisance tenants" or in its management of the building. Under the circumstances, it is apparent that the NYCHA did not have timely notice of the petitioner's claim and that the six-month delay in serving the notice of claim upon the NYCHA prejudiced its ability to prepare a defense. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.