■ In the Matter of THOMAS GILLIAM, Appellant, v CITY OF NEW YORK, Respondent. [673 NYS2d 172] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 31, 1997, which denied his application.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the petitioner's application for leave to serve a late notice of claim. The petitioner has failed to provide a legally acceptable excuse for his delay in serving a notice of claim. Ignorance of the statutory requirements for serving a timely notice of claim constitutes an unacceptable excuse (*see, Alper v City of New York,* 228 AD2d 390; *Matter of Dancy v Poughkeepsie Hous. Auth.,* 220 AD2d 413, 414; *Weber v County of Suffolk,* 208 AD2d 527, 528).

The petitioner stated in the petition that he returned to the site of the alleged accident six days after its occurence, took photographs of the damaged pole, brought the photographs to the police station, and met with a police officer to fill out reports. This demonstrated that the petitioner was not suffering from any physical disability which would have prevented him from consulting with an attorney in a timely fashion.

There is no evidence supporting the petitioner's contention that the City received actual notice of the claim within the

requisite 90-day time period. The mere completion of an incident information slip and a police accident report within the police precinct does not constitute notice to the City of an impending claim since the reports did not connect the petitioner's injuries to any negligence on the part of the City (*see, Deegan v City of New York,* 227 AD2d 620; *see also, Shapiro v County of Nassau,* 208 AD2d 545; *Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694, 697; *Siena v Marlboro Houses,* 188 AD2d 534, 535).

In addition, the City of New York would be prejudiced if this application were granted and a notice of claim permitted to be served almost nine months after the claim arose. The City has been denied the opportunity to investigate the facts and defend itself on the merits as well as to locate and examine witnesses while their memories of the facts were still fresh (*see, Steiger v Board of Educ.,* 192 AD2d 517; *Matter of Wertenberger v Village of Briarcliff Manor,* 175 AD2d 922). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur