■ In the Matter of PATRICIA TRAYLOR et al., Appellants, v COMSEWOGUE SCHOOL DISTRICT, Respondent. [696 NYS2d 219] —In a proceeding pursuant to General Municipal Law § 50-e and Education Law § 3813 for leave to serve a late notice of claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 5, 1998, as denied leave to assert a claim for the decedent's conscious pain and suffering and a derivative claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the petitioners leave to assert a claim for the decedent's conscious pain and suffering and a derivative claim (*see, e.g., Matter of Rudisel v City of New York,* 217 AD2d 702; *Carbone v Town of Brookhaven,* 176 AD2d 778). The petitioners failed to adequately explain their 15-month delay in moving for leave to serve a late notice of claim (*see, e.g., Burns v New York City Tr. Auth.,* 213 AD2d 300; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337; *Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958). Moreover, as the Supreme Court correctly stated, the fact that the respondent may have learned from the ensuing police investigation and local media reports that the decedent's body had been found on a Friday night in its elementary school yard, did not suffice to put the respondent on notice that it would be charged with responsibility for the decedent's murder (*see, e.g., Matter of Lenoir v New York City Hous. Auth.,* 240 AD2d 497; *Matter of DiBella v City of New York,* 234 AD2d 366). As the Supreme Court further noted, the respondent would be prejudiced as it would be effectively "cheated * * * of its first year of investigation" (*see, e.g., Walston v City of New York,* 229 AD2d 485, 486; *Pollicino v New York City Tr. Auth.,* 225 AD2d 750, 751; *Steiger v Board of Educ.,* 192 AD2d 517). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.