■ In the Matter of JASMINE TINEO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [711 NYS2d 333] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated June 4, 1999, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The infant petitioner allegedly sustained injuries as a result of a fall in school on February 10, 1997. On or about February 4, 1999, the petitioners sought leave to serve a late notice of claim upon the respondents for their alleged negligent supervision of the infant petitioner.

The Supreme Court providently exercised its discretion in denying the petition. It is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant (*see, Matter of Shea v City of New York Bd. of Educ.,* 222 AD2d 510; *Matter of Coyne v Cold Spring Harbor Cent. School Dist.,* 132 AD2d 660). Here, the petitioners simply claimed ignorance of the statutory requirement and presented no legally-acceptable excuse for the two-year delay which occurred between the date of the incident and the making of the application for leave to serve a late notice of claim (*see, Matter of Gilliam v City of New York,* 250 AD2d 680; *Matter of Kornell v Clarkstown Cent. School Dist.,* 202 AD2d 426). Moreover, there were substantial discrepancies between the descriptions of the incident contained in the notice of claim with those contained in the internal records of the Board of Education and the infant petitioner's medical records. Accordingly, the respondents would suffer substantial prejudice if late service of the notice were permitted (*see, Matter of Pruden v New York City Bd. of Educ.,* 235 AD2d 426, 426-427; *Moise v County of Nassau,* 234 AD2d 275, 276; *Matter of Shea v City of New York Bd. of Educ., supra*). Ritter, J. P., Sullivan, Luciano and H. Miller, JJ., concur.