■ BRYAN QUILLIAM, Appellant, v STATE OF NEW YORK, Respondent. [723 NYS2d 389] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Marin, J.), dated April 20, 2000, which denied his motion for leave to file a late claim against the defendant.

Ordered that the order is affirmed, without costs or disbursements.

The Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim. The

Court of Claims properly determined that the claimant's eight-month delay in filing his claim due to his ignorance of the law was not excusable (see, Matter of Tineo v City of New York, 273 AD2d 397; Matter of E.K. v State of New York, 235 AD2d 540, 541; Matter of Dancy v Poughkeepsie Hous. Auth., 220 AD2d 413; Weber v County of Suffolk, 208 AD2d 527). In addition, he failed to substantiate his allegation that he was incapacitated for the first four of those eight months with medical proof (see, Goldstein v State of New York, 75 AD2d 613; cf., Matter of Cofield v New York City Hous. Auth., 215 AD2d 379).

Furthermore, the claimant failed to show that the State had notice of the essential facts constituting the claim. The claimant may not rely on the incident report completed by the State University of New York at Stony Brook campus police shortly after the accident occurred or the prehospital care report prepared by the Stony Brook ambulance personnel. Those reports made no mention of the allegedly defective condition which caused the claimant to slip and fall, and did not connect the claimant's injuries to any negligence on the part of the State (see, Matter of Gilliam v City of New York, 250 AD2d 680; Deegan v City of New York, 227 AD2d 620; Ribeiro v Town of N. Hempstead, 200 AD2d 730; Siena v Marlboro Houses, 188 AD2d 534, 535).

Moreover, the State would be substantially prejudiced if this application were granted and the claim was served almost eight months after it arose. The State was denied the opportunity to investigate the facts as well as locate and examine witnesses while their memories of the facts were still fresh (see, Matter of Gilliam v City of New York, supra, at 681; Matter of Garguiolo v New York State Thruway Auth., 145 AD2d 915). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.