In the Matter of Antonio Schifano et al., Appellants, v City of New York, Respondent. [775 NYS2d 33]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered March 19, 2003, which denied petitioners' application for leave to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner construction worker's excuse for not serving a timely notice of claim—that the seriousness of his injuries resulting from a trip and fall on heavy construction debris at a city construction site was not immediately apparent—is refuted by evidence that, inter alia, he intermittently missed several weeks of work during the three-month period immediately following the accident. Moreover, petitioner stopped working altogether eight months after the accident, upon a doctor's advice that he was disabled, but does not explain why he then waited another three months before making the instant application (*see Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806 [2001]). This delay in providing notice of the claim substantially prejudiced the City in its investigation of the accident. Petitioner asserts that the debris pile was present at all times he was on the site, i.e., as late as eight months after the accident. Yet, as the IAS court noted, a photograph of the site taken the day after the accident indicates that there were open areas around the pile providing a safe route around it, or so the City might have urged had it learned of petitioner's claim while the pile was still in existence and investigated its characteristics. The City did not learn of petitioner's claim merely because it had an inspector on the site who responded to the accident and allegedly took notes at the scene. "[K]nowledge of the facts underlying an occurrence does not constitute knowledge of the claim" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142 [1990], *affd* 78 NY2d 958 [1991]). Petitioner does not claim that he or any of the alleged witnesses to the accident spoke to the inspector about the accident, and there is no other evidence as to the contents of the inspector's notes. Nor was the extent of petitioner's injuries or the existence of the allegedly dangerous debris pile indicated by the workers' compensation report filed by petitioner's employer not quite three months after the accident, and to which the City was allegedly privy by reason of its being an additional insured

on the liability policy issued by the workers' compensation carrier. That report stated that petitioner suffered only a sprained ankle in a slip and fall of stones and skids. We have considered petitioner's other arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Sullivan and Gonzalez, JJ.