Reaves v New York City Hous. Auth. (2004 NY Slip Op 50782(U))

[*1]

Reaves v New York City Hous. Auth.

2004 NY Slip Op 50782(U)

Decided on June 22, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2004

Supreme Court, Queens County
PAULETTE REAVES, Petitioner,
against
NEW YORK CITY HOUSING AUTHORITY, Respondent.
8088/2004

George J. Garafola, Esq., Silbowitz, Garafola Silbowitz & Schatz, for petitioner. Ross H. Gould, Esq., London Fischer LLP, for respondent.

Janice A. Taylor, J.
The determination to grant leave to serve a late notice of claim lies within the sound discretion of the court (see, General Municipal Law § 50-e[5]; Lodati v. City of New York, 303 A.D.2d 406 [2d Dept. 2003]; Matter of Valestil v. City of New York, 295 A.D.2d 619 [2d Dept. 2002]). In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the claim involves an infant, whether the claimant has demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the municipality is substantially prejudiced by the delay (see, Nairne v. N.Y. City Health & Hosps. Corp., 303 A.D.2d 409 [2d Dept. 2003]; Brown v. County of Westchester, 293 A.D.2d 748 [2d Dept. 2002]; Perre v. Town of Poughkeepsie, 300 A.D.2d 379 [2d Dept. 2002]; Matter of Valestil v. City of New York, supra; see, General Municipal Law § 50-e[5]; Hasmath v. Cameb, 2004 N.Y. App. Div. LEXIS 2446 [2d Dept. 2004]; Matter of Konstantinides v. City of New York, 278 A.D.2d 235 [2d Dept. 2000]; Matter of Kittredge v. New York City Hous. Auth., 275 A.D.2d 746 [2d Dept. 2000]).
[*2]
The excuse proffered by petitioner for the delay, to wit, fear of reprisal by the New York City Housing Authority (hereinafter "NYCHA") in the form of being evicted if she brought a claim against it, is unsubstantiated and purely conjectural, essentially amounting to ignorance of the statutory mandates, which is not assistive to the petitioner in support of her petition (see, Anderson v. City Univ. of N.Y., 2004 N.Y. App. Div. LEXIS 8425 [2d Dept. 2004]; Tineo v. City of New York, 273 A.D.2d 397 [2d Dept. 2000]; Gilliam v. City of New York, 250 A.D.2d 680 [2d Dept. 1998]).
However, for the reasons which follow, the court finds that the petitioner proffered sufficient evidence to demonstrate that the defendant NYCHA obtained timely actual notice of the essential facts of the within claim within ninety (90) days after the claim arose by way of its employees having prepared an incident report or reports, contemporaneous with the accident and the existence of the allegedly defective condition.
In order to satisfy the mandates of the statute to impart notice to a municipal entity, the petitioner must demonstrate, not knowledge of the occurrence, or alleged wrong, but rather, knowledge of the nature of the claim (see, e.g.,Pico v. City of New York, 2004 N.Y. App. Div. LEXIS 7509 [2d Dept., decided June 1, 2004]; Frith v. N.Y. City Hous. Auth., 4 A.D.3d 390 [2d Dept. 2004]; Hasmath v. Cameb, 5 A.D.3d 438 [2d Dept. 2004]; Schifano v. City of New York, 775 N.Y.S.2d 33 [2d Dept. 2004]). Precisely how that knowledge must be imparted to the municipal agency is the more vexing issue. Petitioners seeking to interpose a late notice of claim have argued that knowledge can be ascribed to a municipal entity solely by virtue of its preparation of an accident report regarding the incident (see, Pico v. City of New York, supra; Frith v. N.Y. City Hous. Auth., supra; Hasmath v. Cameb, supra; Schifano v. City of New York, supra). Courts addressing that issue have held that, for an accident report to impart such knowledge, there must be a logical nexus between the occurrence causing injury and the negligence of the party against whom the claim is sought to be interposed (see, e.g., Quilliam v. State, 282 A.D.2d 590 [2d Dept. 2001]).
This court finds that the latter parameters have been met in the case at bar, in which the petitioner filed an accident report contemporaneously with the occurrence, and within the statutory period, the contents of which advised NYCHA that the petitioner "fell and was injured due to broken, worn and missing kitchen tiles" (Affidavit of Paulette Reaves, pp. 1-2, paragraph 3). The petitioner signed the report, but was not given a copy (Id). These facts are uncontroverted by NYCHA.
For this court to deny leave to file a late claim under the facts at bar would be to require the claimant herein to have literally advised NYCHA in her accident report, not only that she injured herself in her apartment due to broken floor tiles in her kitchen, but that, as a result of the foregoing, she intended to sue NYCHA. It is indeed an onerous, if not preposterous burden upon the claimant, and other similarly-situated lay persons, to require them to affirmatively declare, in filing an accident report, that they "are going to sue" NYCHA in connection with the events described in the accident report. The court cannot permit NYCHA to disavow knowledge of a claim by intentionally blinding itself to the obvious fact that someone reported to them that she was injured due to an allegedly dangerous condition in one of its apartments. Nor can the court validate NYCHA's conscious decision herein not to investigate the circumstances of the incident, when it had the opportunity to do so within the statutory period. Likewise, the court rejects NYCHA's argument that it came to petitioner's apartment just to "repair", rather than "to investigate" her claim (see, Affidavit of John Kline, at pp. 1-2, paragraph 4). This is a disingenuous argument premised upon a manufactured distinction. The conspicuous omission of the petitioner's accident report in NYCHA's attorney's opposition papers, which deprived the court of the opportunity to examine said report, leads this court to conclude that the accident report exists, is in the possession of NYCHA, and that the petitioner's affidavit accurately sets forth the details of the occurrence and the dangerous condition given to NYCHA within that report.
[*3]
This court further holds that any prejudice on the part of NYCHA in terms of its inability to investigate the transient condition alleged in this case due to the lapse of time, was entirely self-inflicted. With knowledge that a tenant was injured, allegedly as a result of a problem with broken floor tiles in her apartment, personnel employed by NYCHA reported to her apartment to repair the condition, but failed to take pictures, measure, and otherwise investigate the saliency of the petitioner's claim when they had the opportunity to do so.
The very purpose of the notice of claim requirement is to permit NYCHA to investigate a claim in a timely fashion, hopefully at a time when the condition allegedly involved remains unchanged, in order to permit the agency to determine if the claim has validity, and perhaps should be resolved by way of settlement, or whether it is a defensible claim that ought to be resisted, and to allow NYCHA to build a defense. This purpose is thwarted when, as in the case at bar, NYCHA receives notice by virtue of an accident report of a condition that has allegedly resulted in personal injuries to one of their tenants, reports to the scene, has every opportunity to investigate the circumstances, take pictures and measurements, and examine the instrumentality involved, but chooses for unexplained reasons not to do so. Clearly, NYCHA had knowledge, and the opportunity to not only repair, but to investigate the condition giving rise to this claim, but consciously failed to avail itself of that opportunity, to its own prejudice.
The First Department's decision in Lopez v. NYCHA, (193 A.D.2d 473 [1st Dept. 1993]), cited by respondent, is bereft of sufficient facts to enable this court to analyze its applicability to the case at bar. Moreover, the court finds the respondent's attempt to squeeze the facts of this case within the ambit of the First Department's decision in Chattergoon v. New York City Housing Authority, (161 A.D.2d 141 [1st Dept. 1990], affirmed 78 N.Y.2d 958 [1991]), unavailing, since Chattergoon is wholly distinguished on its facts.
In Chattergoon, the court held that the NYCHA police investigation of the underlying stabbing murder, while sufficing to impart notice of the occurrence, did not suffice to impart notice of the petitioner's negligence claim against NYCHA (Id. at 142). Crucial to that finding was the fact that the police investigation was aimed at finding the perpetrator of the underlying violent crime rather than the investigation of allegations of negligence against NYCHA for purposes of preparation of a defense in a civil suit (Id. at 143). The court further found that the passage of time due to the delay in filing a notice of claim precluded NYCHA from investigating the condition of the doors and locks, which the petitioner alleged were negligently maintained as part of the civil suit.
By contrast, herein, NYCHA had notice of and undertook to repair the precise condition alleged to have been the cause of the injuries alleged in this action. NYCHA had an opportunity to investigate the condition of the floor contemporaneous with the time of the occurrence for purposes of preparing a defense in a civil suit, but chose not to do so. Thus, not only would the First Department's holding in Chattergoon be non-binding precedent, but to the extent that Chattergoon might otherwise be instructive or persuasive, the court finds it to be inapposite on its facts.
For precisely the same reason, the Second Department's holding in Lenoir v. New York City Hous. Auth., (240 A.D.2d 497 [2d Dept. 1997]), in which the court held that "[t]he police investigation would have been " 'geared toward finding the [perpetrators] and not toward the preparation of the possible claim for pain and suffering on the basis of the alleged negligence by the [NYCHA]' " (Matter of Plantin v New York City Hous. Auth., 203 AD2d 579, 580, quoting Chattergoon v New York City Hous. Auth., 161 AD2d 141, 142, affd 78 NY2d 958; see also, Matter of Russ v New York City Hous. Auth., 198 AD2d 361)" is distinguishable and inapplicable to the case at bar, as is Plantin v. New York City Hous. Auth., (203 A.D.2d 579 [2d Dept. 1994]), since, in both cases, there was "nothing in the police reports that would connect the incident with any negligence on the part of the NYCHA (see, Matter of Siena v Marlboro Houses, 188 AD2d 534, 591 [*4]N.Y.S.2d 199; Matthews v New York City Hous. Auth., 180 AD2d 669, 580 N.Y.S.2d 61), and any police investigation into the crime would have been ''geared toward finding the [perpetrators] and not toward the preparation of the possible claim for pain and suffering on the basis of the alleged negligence by the [NYCHA]'" (Id. at 580).
The court finds that the facts at bar fall more closely within the Second Department's recent ruling in Frith v. N.Y. City Hous. Auth., supra, in which the court found that "the plaintiff complained of chipping paint in the apartment in question, located in a building owned by the defendant New York City Housing Authority(hereinafter the "NYCHA")at or about the time of the infant's diagnosis with lead paint poisoning. Thus, the NYCHA had actual knowledge of the facts underlying the claim of the infant within the limitations period" (Id. at 391). In Quilliam v. State, supra, leave to file a late claim was denied since the reports sought to be utilized to impart actual notice to the municipality "made no mention of the allegedly defective condition which caused the claimant to slip and fall, and did not connect the claimant's injuries to any negligence on the part of the State" (Id. at 591). By contrast with the salient facts in Quilliam, the accident report signed by the petitioner mentioned the dangerous condition from which the alleged negligence of NYCHA was readily discernible.
In conclusion, the court finds that, balancing the criteria underlying the court's discretionary determination to grant leave to serve a late notice of claim, it would be a provident exercise of its discretion to grant the petitioner's application for leave to serve a late notice of claim in this case, because NYCHA had timely actual notice thereof contemporaneous with the occurrence, and because the respondent's showing of prejudice emanated from its decision not to investigate the claim when it had both the knowledge thereof and the opportunity to investigate it.
Accordingly, the motion is granted, and the petitioner is granted leave to serve and file the Notice of Claim within thirty (30)days of the date of this order, to comply with all conditions precedent, and to serve the summons and complaint in accordance with the applicable statute of limitations, pursuant to the C.P.L.R.
Dated: June 22, 2004 
Janice A. Taylor, J.S.C.
George J. Garafola, Esq., Silbowitz, Garafola Silbowitz & Schatz, for petitioner. Ross H. Gould, Esq., London Fischer LLP, for respondent.