■ JUNIEPA FACEY, Individually and as Administratrix of the Estate of RAYMOND FACEY, Deceased, Appellant, v CITY OF NEW YORK et al., Defendants, and NASSAU COUNTY et al., Respondents. [54 NYS3d 115]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated May 6, 2015, as denied that branch of her motion which was for leave to serve a late notice of claim against the defendants Nassau County, Nassau County Police Department, Nassau County Emergency Medical Services, Clarence Hudson, Estate of Artie Lopez, and "John Doe" 1-100.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 23, 2012, the plaintiff's decedent, Raymond Facey, was shot and killed by nonparty Darrell Fuller. On October 22, 2014, the plaintiff, individually and as the administrator of the decedent's estate, commenced this action against various municipal entities and their employees by filing a summons with notice and contemporaneously moving for leave to serve and file a late notice of claim. The plaintiff alleged, inter alia, that the defendants were negligent "in their failure to follow proper procedures and protocol when officers gave chase to [Fuller] despite being directed not to do so." The Supreme Court, inter alia, denied the plaintiff's motion on the basis that she failed to demonstrate that the defendants acquired actual knowledge of the essential facts underlying her claims within the requisite time period. The plaintiff appeals from so much of the Supreme Court's order as denied that branch of her motion which was for leave to serve a late notice

of claim against the defendants Nassau County, Nassau County Police Department, Nassau County Emergency Medical Services, Clarence Hudson, Estate of Artie Lopez, and "John Doe" 1-100 (hereinafter together the Nassau County defendants).

The Supreme Court providently exercised its discretion in finding that the plaintiff provided a reasonable excuse for her failure to serve a timely notice of claim (*see generally Matter of Staley v Piper*, 285 AD2d 601, 602 [2001]). However, the plaintiff failed to establish that the Nassau County defendants had actual knowledge of the "essential facts constituting the claim" (General Municipal Law § 50-e [5]). Contrary to the plaintiff's contention, the fact that the Nassau County defendants investigated the decedent's murder does not establish that they acquired any knowledge of the alleged causal relationship between that murder and any negligence on their part (*see Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142 [1990], *affd* 78 NY2d 958 [1991]; *compare Matter of Murray v County of Suffolk*, 128 AD3d 700 [2015], *with Matter of Lenoir v New York City Hous. Auth.*, 240 AD2d 497 [1997], *Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579 [1994], *and Matter of Russ v New York City Hous. Auth.*, 198 AD2d 361 [1993]).

Moreover, the plaintiff failed to come forward, prima facie, with "some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve a late notice of claim against the Nassau County defendants. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.