Matter of Nicholson v City of New York (2018 NY Slip Op 08134)





Matter of Nicholson v City of New York


2018 NY Slip Op 08134


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-07175
 (Index No. 2245/17)

[*1]In the Matter of Kenneth Nicholson, respondent,
v
City of New York, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Barbara Graves-Poller of counsel), for appellant.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the City of New York appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered May 18, 2017. The order granted the petition, in effect, for leave to serve a late notice of claim on the City of New York.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the petition which was, in effect, for leave to serve a late notice of claim with respect to the claim pursuant to 42 USC § 1983 alleging violations of the petitioner's federal civil and constitutional rights is denied as unnecessary, those branches of the petition which were, in effect, for leave to serve a late notice of claim with respect to the petitioner's state law claims are denied on the merits, and the proceeding is dismissed.
On June 19, 2015, the petitioner was charged in a felony complaint with, inter alia, criminal possession of a weapon in the second degree and menacing in the second degree, based upon the allegations that the petitioner had possessed a firearm in a holding cell of the 103rd precinct station house and had used it to threaten another individual in the cell. On April 4, 2016, the petitioner was released from custody and the charges against him were dismissed.
By order to show cause dated March 7, 2017, the petitioner commenced this proceeding, in effect, for leave to serve a late notice of claim on the City of New York, alleging, inter alia, violations of federal civil and constitutional rights pursuant to 42 USC § 1983, and state claims of assault, battery, false arrest, false imprisonment, and malicious prosecution. The Supreme Court granted the petition, and the City appeals.
The branch of the petition which sought leave to serve a late notice of claim to assert, pursuant to 42 USC § 1983, violations of the petitioner's federal civil and constitutional rights, should have been denied as unnecessary (see Matter of Royes v City of New York, 136 AD3d 1042, 1044; Gorman v Sachem Cent. School Dist., 232 AD2d 452, 453). Such a claim is not subject to the State statutory notice of claim requirement (see Felder v Casey, 487 US 131, 153; Meyer v County of Suffolk, 90 AD3d 720, 722).
Further, as the petitioner correctly concedes, the Supreme Court lacked the authority to grant those branches of his motion which were for leave to serve a late notice of claim to assert the claims to recover damages for assault and battery since, at the time the motion was made, the statute of limitations had already expired as to those claims (see General Municipal Law §§ 50-e [5]; 50-i[1]; Pierson v City of New York, 56 NY2d 950, 954).
With respect to the petitioner's remaining state law claims, in determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the municipality in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Mitchell v City of New York, 112 AD3d 940; Matter of Destine v City of New York, 111 AD3d 629). Actual knowledge of the essential facts is an important factor in determining whether to grant an extension, and should be accorded great weight (see Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059).
We disagree with the Supreme Court's conclusion that the City acquired actual knowledge of the essential facts constituting the relevant state law claims within 90 days after they arose or a reasonable time thereafter. Actual knowledge could not be readily inferred from two reports dated June 18, 2015, documenting an internal investigation conducted by the police department to determine how a firearm was allegedly carried into, and concealed within, the station house, that "a potentially actionable wrong had been committed by the [City]" against the plaintiff (Matter of Taylor v County of Suffolk, 90 AD3d 769, 770; cf. Matter of Facey v City of New York, 150 AD3d 826, 827; Matter of Plantin v New York City Hous. Auth., 203 AD2d 579, 580; Chattergoon v New York City Hous. Auth., 161 AD2d 141, 142, affd 78 NY2d 958). Moreover, the mere alleged existence of other police reports and records, without evidence of their content, and the involvement of the City's police officers in the alleged incident, without more, were insufficient to impute actual knowledge to the City (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000).
We also disagree with the Supreme Court's conclusion that the petitioner presented a reasonable excuse for his failure to serve a timely notice of claim. The petitioner's incarceration did not constitute such an excuse, since the relevant state law claims did not accrue, and the petitioner's time to serve a notice of claim did not begin to run, until he was released from custody (see Williams v CVS Pharmacy, Inc., 126 AD3d 890, 891).
The petitioner also failed to present "some evidence or plausible argument" supporting a finding that the City was not substantially prejudiced by the more than eight-month delay from the expiration of the applicable 90-day statutory period until the commencement of this proceeding in March 2017 (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912).
Accordingly, those branches of the petition which were for leave to serve a late notice of claim to assert state law claims should have been denied.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court