| |
|---|
| **Friedman v New York City Tr. Auth.** |
| 2025 NY Slip Op 30016(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151220/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**              PART                    21
                                        *Justice*

-----------------------------------------------------------------------X

ELISABETH FRIEDMAN,

                              Petitioner,

                    - v -

NEW YORK CITY TRANSIT AUTHORITY,

                              Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151220/2024 |
| MOTION DATE | 04/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-13

were read on this petition for          LEAVE TO SERVE A LATE NOTICE OF CLAIM    .

Upon the foregoing documents, it is **ADJUDGED** that the petition to serve a late notice of claim upon respondent New York City Transit Authority (NYCTA) is **DENIED**, and the proceeding is dismissed.

Petitioner seeks leave to serve a late notice of claim alleging that, on February 6, 2023, at approximately 8:00 a.m., she slipped and fell at the top of the downward escalator within the 125th Street subway station of the 1 train, due to the NYCTA's negligence (petitioner's Exhibit B in support of petition [NYSCEF Doc. No. 4]).  The NYCTA opposes the petition.

## DISCUSSION

Where an action against the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.  "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 542 [2024] [internal citations and quotations omitted]).

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time

[* 1]

thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime*, 41 NY3d at 540 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner claims that, due to the injuries resulting from the alleged incident, she was confined to the hospital and home for months following the injuries (affirmation of petitioner's counsel in support of petition ¶ 12 [NYSCEF Doc. No. 2]). However, petitioner does not submit medical evidence to support her assertion that she was incapacitated to such an extent that she could not have complied with the statutory requirement to serve a timely notice of claim (*see Umeh v New York City Health and Hosps. Corp.*, 205 AD3d 599, 600 [1st Dept 2022] [collecting cases]). Contrary to petitioner's counsel's argument in reply, the submission of medical evidence is required where, as here, petitioner is claiming physical incapacity as a reasonable excuse.

Thus, petitioner did not establish that she had a reasonable excuse.

Actual knowledge of the essential facts

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The

[* 2]

statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

Here, petitioner avers that, "[a]fter my fall, an African American female in her thirties with short hair wearing a NYC Transit Authority uniform, came out of the token booth and observed me, but did not request any information. Shortly thereafter, an ambulance took me to Mt. Sinai Hospital" (petitioner's affidavit ¶ 4 [NYSCEF Doc. No. 5). According to petitioner's co-worker, Christian Pecache, "I observed an African American female NYC Transit employee, in uniform, look at Ms. Friedman on the ground and then make notes in a notebook after Ms. Friedman was taken away in an ambulance" (aff of Christian Pecache ¶ 5 [NYSCEF Doc. No. 6]). Petitioner also submits an FDNY ambulance call report (petitioner's Exhibit A in support of petition [NYSCEF Doc. No. 3]). Petitioner therefore argues that the NYCTA had actual knowledge of the essential facts because agents/employees were present at the scene, observed petitioner, and were alerted of the incident when emergency personal responded to the scene (affirmation of petitioner's counsel ¶ 20).

The NYCTA argues that the presence of a public corporation's employee at an accident site and that employee's knowledge of a fall does not give the corporation actual knowledge of the essential facts of the claim, because neither petitioner nor her co-worker claim that either of them alerted that employee to an allegedly slippery condition (affirmation of respondent's counsel in opposition ¶ 10 [NYSCEF Doc. No. 11]). Thus, the NYCTA argues that it would not have been alerted that petitioner's alleged fall was caused by the NYCTA's negligence.

The court agrees. The NYCTA did not learn of essential facts of petitioner's claim merely because an employee responded to the accident and allegedly took notes at the scene, because petitioner established only respondent's knowledge of the injury (*Matter of Schifano v City of New York*, 6 AD3d 259, 260 [1st Dept 2004]; *Ifejika-Obukwelu v New York City Dept. of Educ.*, 47 AD3d 447, 447 [1st Dept 2008]). Contrary to petitioner's argument, *Connaughton v New York City Tr. Auth.* (301 AD2d 389 [1st Dept 2003]) is not identical to this case. There, the petitioner's companion told a token clerk about the petitioner's accident. Unlike *Connaughton*, petitioner concedes that she did not speak to the woman who came out of the token booth (*see* Friedman aff ¶ 4; *see also* reply affirmation of petitioner's counsel ¶ 13).

Petitioner's reliance upon the ambulance call report is unavailing. As the NYCTA correctly points out, the ambulance call report was created by the FDNY, which is a distinct legal entity from the NYCTA for purposes of suit, and "nothing in the record suggests that NYCTA received the report" (*Alexander v New York City Tr. Auth.*, 200 AD3d 509, 510 [1st Dept 2021]; *see also Smiley v Metro. Transportation Auth.*, 168 AD3d 631 [1st Dept 2019] ["The record fails to show that respondents actually received an accident report that contained the essential facts of the claims within the statutory deadline"]).

The cases which petitioner cited are distinguishable. In those cases, each petitioner established that town governments acquired actual knowledge of the essential facts of the petitioner's claims based on accident reports prepared by the town's own police and medical personnel (*see Matter of Dewey v Town of Colonie*, 54 AD3d 1142 [3d Dept 2008]; *Matter of Franco v Town of Cairo*, 87 AD3d 799 [3d Dept 2011]). Thus, "[w]here the facts upon which the municipality's liability is predicated are discernable from the report of an accident [prepared by its own employee], actual knowledge will be imputed to the municipality" (*Matter of Soto v New York City Hous. Auth.*, 180 AD2d 570, 571 [1st Dept 1992]). Knowledge cannot be imputed to the NYCTA based on the ambulance call report because it was not prepared by a NYCTA employee.

Finally, to the extent that petitioner contends that "a report regarding the incident most likely exists" or that the employee whom petitioner observed was "most likely the station manager" (affirmation of petitioner's counsel ¶¶ 16, 20), these contentions are without merit, as the burden of establishing actual knowledge must be made through the submission of nonspeculative evidence (*Matter of Jaime*, 41 NY3d at 540).

In conclusion, the NYCTA did acquire actual knowledge of the essential facts of petitioners' claim within a reasonable time after 90 days of accrual of petitioners' claim.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argued that the NYCTA would not be substantially prejudiced because "respondent must have generated paperwork regarding the incident, specifically through the station agent/manager's notes/report as well as the ambulance call report" (affirmation of petitioner's counsel ¶ 24). As the NYCTA points out, this argument is based on speculation.

**151220/2024   FRIEDMAN, ELISABETH vs. NEW YORK CITY TRANSIT AUTHORITY**       **Page 4 of 5**
**Motion No.  001**

In reply, petitioner argues that the NYCTA will not face substantial prejudice because the alleged condition was transitory (*see* reply affirmation of petitioner's counsel ¶ 16 [NYSCEF Doc. No. 12]).   However, the court cannot consider this argument, as it was raised for the first time in reply (*see e.g. Jain v New York City Tr. Auth.*, 27 AD3d 273, 273 [1st Dept 2006] ["The court's consideration of these claims, raised for the first time in reply, was an improvident exercise of discretion"]).

Thus, petitioner failed to demonstrate that the NYCTA would not be substantially prejudiced if leave to serve a late notice of claim were granted.

Assuming, for the sake of argument, that petitioner demonstrated that the NYCTA would not be substantially prejudiced in light of the transitory condition, leave to serve a late notice of claim would not be granted, given that petitioner did not establish that the NYCTA timely acquired actual knowledge of the essential facts of petitioner's claim.

Although not raised by the parties, the court notes that, in *Matter of Richardson v New York City Housing Authority* (136 AD3d 484, 484 [1st Dept 2016]), the Appellate Division, First Department reversed the court below and granted leave to serve a late notice of claim solely because the respondent was not substantially prejudiced, even though the respondent did not have timely, actual knowledge of the essential facts of the claim and the petitioner lacked a reasonable excuse.

However, in light of *Matter of Jaime v City of New York*, which reiterates that courts must place "great weight" on whether a respondent had timey acquired actual knowledge of the essential facts, the continued validity of *Richardson* is questionable, as the lack of substantial prejudice in *Richardson* was accorded more weight than the respondent's lack of actual knowledge of the essential facts of the petitioner's claim.

20250106114337RTSAI25B1CC28364B4343860700BBBED2E916

| 1/6/2025 | | RICHARD TSAI, J.S.C. |
|----------|--|----------------------|
| DATE | | |

CHECK ONE:  [X] CASE DISPOSED   [ ] NON-FINAL DISPOSITION

[ ] GRANTED   [X] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**151220/2024   FRIEDMAN, ELISABETH vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  001**

Page 5 of 5