■ In the Matter of DIANE GREEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 18, 1990, granting petitioner's application to serve a late notice of claim is unanimously reversed, on the law and facts, and in the exercise of discretion, and the application denied, without costs or disbursements.

On June 30, 1990, the petitioner allegedly tripped over debris left in a stairway by another tenant who was moving out. The building, in which this alleged accident occurred, is owned by the respondent Housing Authority. Petitioner filed an accident report which is dated September 6, 1990. It fails, however, to list the date and time of the incident. Petitioner moved for leave to serve a late notice of claim on November 28, 1990. In an affidavit in support of the motion, the petitioner asserted she reported the time, date and the place of the accident to Mrs. Johnson, an employee of the Authority, in August of 1990 and relied upon that employee's representation that the insurance company for the Housing Authority would pay for her medical expenses. Respondent's opposition includes an affidavit from Mrs. Johnson which states that petitioner reported the incident on September 6, the date of the report, and that Mrs. Johnson did not inform the petitioner that the Authority would be negotiating or settling any claim.

The IAS court granted the application to file a late notice of claim, finding that the respondent received actual notice of the essential facts constituting the claim within the statutory period, and was not substantially prejudiced by the delay. We find that this granting of petitioner's application was an abuse of discretion and accordingly reverse.

Initially, we note that petitioner did not offer a reasonable excuse for her failure to file a timely notice. While petitioner asserted that she was physically incapacitated by the trauma to her right knee, the record is devoid of any medical documentation supporting this claim of incapacitation. While petitioner claimed representations were made to her that an insurance company would pay her medical bills, these alleged representations were categorically denied by the respondent's employee.

Further, while petitioner claimed, and the IAS court agreed, that the Authority acquired actual knowledge of the essential facts, the incident report does not state the date or time of the incident. In addition, it does not allege any negligence on the part of the Authority, merely stating that the tenant "tripped on debris from another tenant". Accordingly, it did not furnish the Authority with either actual or constructive notice of any claim of negligence (see, Caselli v City of New York, 105 AD2d 251, 258).

Finally, under the circumstances herein, the respondent Authority would suffer substantial prejudice from the delay in

filing the notice of claim. It is obvious that, if petitioner tripped from debris left by another tenant while moving, the condition alleged would be highly transitory, and the passage of even a short period of time would substantially impede, if not actually prevent, any investigation by the Authority (see, *Matter of D'Andrea v City of Glen Cove Pub. Schools,* 143 AD2d 747). Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.