◼ In the Matter of MERCEDES MERINO, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [611 NYS2d 273] —In a proceeding for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 9, 1992, which denied her application.

Ordered that the order is affirmed, with costs.

Following the petitioner's fall on an area of broken pavement in Brooklyn on January 10, 1991, she timely served a notice of claim on the City of New York. However, she misidentified the location of her accident, and her subsequent motion to amend her notice of claim was denied by the Supreme Court. Approximately 10 months later, by service of a notice of petition dated October 23, 1991, the petitioner brought the instant application to serve a late notice of claim on the Metropolitan Transportation Authority (hereinafter the MTA), alleging that the MTA owned the adjoining building and may have caused the broken pavement with its vehicles. In addition to the denial by the MTA that it was the entity responsible for the control of the premises at issue, the petitioner failed to present an adequate excuse for her delay in

serving a timely notice of claim *(see, Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958). In addition, there is no indication that the MTA acquired actual knowledge of the essential facts constituting the claim within 90 days following its occurrence or a reasonable time thereafter. Finally, the petitioner's unsupported contention that the premises remained unchanged does not negate the MTA's contention that it was prejudiced by the long delay *(Matter of Perry v City of New York,* 133 AD2d 692; *Braverman v City of White Plains,* 115 AD2d 689; *see also,* General Municipal Law § 50-e [5], [6]). Accordingly, her application to serve a late notice of claim was properly denied. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.