■ In the Matter of Jamel Davis, an Infant, by His Grandmother and Natural Guardian, Margie Brady, Appellant, v New York City Housing Authority, Respondent. [649 NYS2d 141] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered May 10, 1995, which denied petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.

On October 10, 1991, petitioner's grandson, then age 12, allegedly tripped and fell on debris, dirt and glass on the stairs in his apartment building, which is owned and operated by respondent, and tore a ligament in his right leg. Petitioner made the instant motion on her grandson's behalf in January, 1995. Although brought within the appropriate time period as tolled by infancy, the court did not improvidently exercise its discre-

tion in denying the application, as petitioner failed to provide an adequate excuse for the delay (*Matter of Kyser v New York City Hous. Auth.*, 178 AD2d 601). Petitioner's ignorance of the law is not a proper excuse for delay in filing a notice of claim (*Turkenitz v City of New York*, 213 AD2d 266). Petitioner's vague and unsubstantiated allegation that "the superintendent of the building was notified and upon information and belief, a full report was thereafter made" is insufficient proof that respondent received actual knowledge of the facts constituting the claim (*Matter of Barzaga v New York City Hous. Auth.*, 204 AD2d 163). We note that "the condition alleged [is] highly transitory, and the passage of even a short period of time would substantially impede, if not actually prevent, any investigation by the Authority" (*Matter of Green v New York City Hous. Auth.*, 180 AD2d 586, 588). Thus, "[t]he infancy of the petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim" (*Matter of Bischert v County of Westchester*, 212 AD2d 529, 530). Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.