■ MERCEDES I. PINEDA, Appellant, v CITY OF NEW YORK et al., Respondents. [761 NYS2d 157] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 7, 2002, which denied plaintiff's motion for leave to file a late notice of claim, unanimously affirmed, without costs.

Plaintiff's motion was properly denied. While plaintiff's failure to proffer a reasonable excuse for her delay in complying with the notice of claim filing requirements set forth in General Municipal Law § 50-e is not, standing by itself, fatal to her motion for leave to file a late notice of claim (see Harris v City of New York, 297 AD2d 473, 473-474 [2002], lv denied 99 NY2d 503 [2002]), plaintiff's concomitant failure to demonstrate that defendants had timely actual notice of her claim and that they sustained no prejudice by reason of her delay, is (id.). Actual notice to defendants is not established by the police report prepared the day following the incident or by plaintiff's photographs taken the same day as the police report. Neither the police report nor the photographs provided any indication of a causal connection between plaintiff's injuries and acts of negligence on defendants' part (cf. Ayala v City of New York, 189 AD2d 632, 633-634 [1993]). Nor did they enable defendants to investigate the incident since they did not sufficiently specify the accident site (see Reyes v City of New York, 281 AD2d 235 [2001]) or identify witnesses, or even the Department of Transportation official to whom the accident was allegedly reported. Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.