■ MATTHEW OCASIO, an Infant, by His Mother and Natural Guardian, NORMA OCASIO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (MORRISANIA NEIGHBORHOOD FAMILY CARE CENTER), Respondent. [788 NYS2d 82]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 1, 2003, which denied plaintiff's motion for, inter alia, leave to serve and file a late notice of claim, unanimously affirmed, without costs.

Plaintiff did not demonstrate a reasonable excuse for failing to file a timely notice of claim, failed to establish that defendant had notice of the facts constituting his claim within 90 days or

reasonable time thereafter, and failed to show that defendant will not be substantially prejudiced in its ability to investigate this matter and defend the claim on the merits by the delay of 9½ years in affording defendant the requisite notice (*see Alexander v City of New York*, 2 AD3d 332 [2003]; *cf. Matter of Dubowy v City of New York*, 305 AD2d 320 [2003]). Contrary to plaintiff's contention, actual notice to defendant is not established by its medical records, which provide no indication of a causal connection between plaintiff's injuries and acts of negligence on defendant's part (*cf. Ayala v City of New York*, 189 AD2d 632, 633-634 [1993]). Neither infancy nor ignorance of the law alone would be sufficient to justify plaintiff's failure to file a timely notice of claim (*see Harris v City of New York*, 297 AD2d 473 [2002], *lv denied* 99 NY2d 503 [2002]) and, in any event, neither excuse is tenable given plaintiff's commencement of an action against the New York City Housing Authority in 1995 arising out of the same circumstances as those alleged herein, namely his exposure to lead paint. Concur—Buckley, P.J., Williams, Gonzalez and Sweeny, JJ.