■ ANA S. TAVAREZ, Appellant, v CITY OF NEW YORK et al., Respondents. [810 NYS2d 65]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered June 17, 2004, which denied petitioner's application to serve a late notice of claim for personal injuries allegedly sustained in a trip and fall over a depression on the landing or entrance to respondents' school, and dismissed the petition, unanimously affirmed, without costs.

Petitioner fell on January 14, 2003 but did not make the instant application until April 12, 2004. She attributes this delay to the crippling injuries she sustained in the fall but fails to provide any substantiating medical evidence (*see Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450, 451 [2006]). Petitioner also asserts that a Mr. Tejada, whom she took to be a teacher or administrator at the school, came out of the school and asked her for her name and address. Aside from the speculative nature of petitioner's belief that Mr. Tejada was a school employee, her allegations concerning him do not permit the inference she draws that an accident report was promptly prepared recording her claim that she tripped over a depression in the landing and given to persons responsible for conducting an investigation of that claim (*see Washington v City of New York*, 72 NY2d 881 [1988]; *Matter of Davis v New York City Hous. Auth.*, 233 AD2d 110 [1996]). "[K]nowledge of the facts underly-

ing an occurrence does not constitute knowledge of the claim" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142 [1990], *affd* 78 NY2d 958 [1991]). Nor is there any evidence that petitioner made any attempt to procure the report she believes was prepared or to locate Mr. Tejada (*cf. Washington*, 72 NY2d 881 [1988], *supra*). Assuming, as petitioner asserts, that the depression still existed at the time she made the instant application, such would not negate the loss of opportunity to locate witnesses while memories were still fresh and other prejudice caused respondents by her long delay in giving them notice of her claim (*see Turkenitz v City of New York*, 213 AD2d 266 [1995]; *Matter of Merino v Metropolitan Transp. Auth.*, 204 AD2d 329, 330 [1994]). We have considered petitioner's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Gonzalez, Catterson and McGuire, JJ.