■ ALLEN WEBB, Formerly Known as ALLEN CURRY, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [828 NYS2d 22]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 28, 2005, which, to the extent appealed from, granted plaintiff Allen Webb's motion for leave to file a late notice of claim, unanimously reversed, on the law and the facts, without costs, and the motion denied. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Allen Webb was an infant at the time he suffered severe hot water burns, allegedly when left unattended in a bath at his foster home within the Rosedale Houses, one of defendant's premises in the Bronx. On July 6, 1988, the day after his injuries, a social worker from the City's Human Resources Administration (HRA), Department of Social Services, met with a management assistant at the premises to investigate "build-

ing maintenance" in connection with the incident. This visit was noted in the foster mother's tenant folder. Shortly thereafter, upon his release from the hospital as an in-patient, Allen was removed from that foster home and became the foster child of plaintiff Leta Webb, who later adopted him. There was no attempt to serve defendant with a notice of claim until Allen reached the age of majority, some 15 years later. Defendant rejected attempted service of a notice of claim three times within 90 days after Allen's 18th birthday, July 5, 2003. Plaintiffs then commenced their negligence action in late September 2004 and moved for leave to serve a late notice of claim on October 1, 2004, which was granted.

Leave was improvidently granted in view of the lack of a reasonable excuse for failure to timely serve a notice of claim, the inadequacy of the alleged actual notice provided to defendant, and the prejudice to defendant resulting from the passage of 16 years between the injury and the motion. The only excuse plaintiffs offer is ignorance of the law, which this Court has held to be insufficient (see Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.], 14 AD3d 361 [2005]; Gaudio v City of New York, 235 AD2d 228 [1997]). The alleged "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) received by defendant was vague at best. The entry in the then-foster mother's tenant file summarizing the social worker's investigatory visit was silent as to a causal connection between the child's injuries and negligence on the part of defendant (see Pineda v City of New York, 305 AD2d 294 [2003]). The lack of further information from HRA or the social worker, despite her promise to follow up, left defendant with no knowledge of its possible culpability in the incident and no reason to investigate. Moreover, a few months later, defendant received notification that the child had been removed from his foster home, which strongly suggested that abuse was the cause of his injuries, as HRA in fact found. Finally, the lengthy passage of time prejudiced defendant's ability to adequately investigate and prepare a defense. For example, the employee who noted the social worker's visit in the tenant file submitted an affidavit stating that he had made the entry, but due to the passage of time, had no independent recollection of the surrounding facts and circumstances and believed, based upon the scant information contained in the entry, that he did not generate an incident report on the matter. Indeed, no such report or related documentation concerning complaints or repairs could be found. Concur—Friedman, J.P., Williams, Gonzalez, Sweeny and McGuire, JJ.