■ KATE IFEJIKA-OBUKWELU et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [851 NYS2d 398]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered on or about October 4, 2005, which denied plaintiffs' motion to serve a late notice of claim, unanimously affirmed, without costs.

While the failure to proffer a reasonable excuse for delay in serving a notice of claim is not, by itself, fatal to a motion for leave to file a late notice, plaintiffs also failed to demonstrate that defendants had timely actual notice of the claim and that they sustained no prejudice by reason of the delay (see General Municipal Law § 50-e [1] [a]; [5]; Harris v City of New York, 297 AD2d 473, 473-474 [2002], lv denied 99 NY2d 503 [2002]). Plaintiffs' vague and unsubstantiated allegation that Department of Education (DOE) employees came to the injured plaintiff's aid upon her fall is insufficient proof that defendants received actual knowledge of the facts constituting the claim (see Matter of Davis v New York City Hous. Auth., 233 AD2d 110, 111 [1996]). Even assuming those who helped plaintiff were DOE employees, knowledge that she was allegedly injured does not establish actual notice of her claim that defendants were negligent (see Matter of Schifano v City of New York, 6 AD3d 259 [2004], lv denied 4 NY3d 703 [2005]; Pineda v City of New York, 305 AD2d 294 [2003]). The fact that plaintiff never identified these alleged DOE employees also renders the delay in serving the notice of claim prejudicial to defendants (see

*Tavarez v City of New York*, 26 AD3d 297, 298 [2006]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.