Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 6, 2013, which granted defendants’ motion to dismiss the complaint, and denied plaintiff’s requests for leave to file a late notice of claim and to add additional defendants, unanimously affirmed, without costs.
The motion court correctly determined that the Court of Appeals’ decision in Greater N.Y. Taxi Assn. v State of New York (21 NY3d 289 [2013]), which declared the “HAIL Act” (L 2011, ch 602, as amended by L 2012, ch 9), to be constitutional, was dispositive of plaintiffs claims relating to allegedly illegal livery vehicle pick ups in the boroughs of New York City other than Manhattan, and required their dismissal.
To the extent plaintiff sought mandamus relief compelling defendants, inter alia, to install taxi stands at various locations in the outer boroughs and to remove certain “NO EARNING ANYTIME” signs, his claims were properly dismissed because *603 such matters involve discretionary governmental function, and plaintiff failed to demonstrate that defendants owed him a special duty distinct and separate from the general public (see Valdez v City of New York, 18 NY3d 69, 76-77 [2011]).
Plaintiffs claims for monetary damages were also properly dismissed based on his failure to file a notice of claim. His request for leave to file a late notice of claim was properly denied, since he did not demonstrate a reasonable excuse for his delay, that defendants would not be prejudiced by his delay, or that defendants had actual knowledge of his claim (see Ifejika-Obukwelu v New York City Dept. of Educ., 47 AD3d 447 [1st Dept 2008]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Renwick, J.E, Richter, ManzanetDaniels, Feinman and Gische, JJ.