Matter of Montero v City of New York (2019 NY Slip Op 07732)





Matter of Montero v City of New York


2019 NY Slip Op 07732


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


101935/16 10221NA 10221N

[*1] In re Justin Montero, Petitioner-Appellant,
v
The City of New York, Respondent-Respondent.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 2, 2017, which, to the extent appealable, denied petitioner's motion to renew his application for leave to file a late notice of claim against respondent, unanimously reversed, on the law and the facts, without costs, and the application granted. Appeal from order, same court and Justice, entered on or about January 18, 2017, which denied petitioner's motion for leave to file a late notice of claim against respondent, unanimously dismissed, without costs, as academic.
In this action for personal injuries, petitioner alleges that on May 31, 2016, he tripped and fell in a hole in a soccer field at the East River Park, suffering injury. Respondent the City of New York (City) owns and maintains the accident location.
Petitioner's assertion that he was unaware of the requirement that he file a notice of claim within 90 days of his accident is not a reasonable excuse for failing to file a timely notice (see Gaudio v City of New York, 235 AD2d 228 [1st Dept 1997]). His contention that his injuries prevented him from timely filing a notice of claim is not an acceptable excuse, because he failed to provide any medical documentation to support his claimed incapacity (see Moran v New York City Hous. Auth., 224 AD2d 257, 257-258 [1st Dept 1996]; Matter of Green v New York City Hous. Auth., 180 AD2d 586, 587 [1st Dept 1992]). Notwithstanding, his failure to establish a reasonable excuse for not timely filing a notice of claim is not fatal (see Matter of Thomas v City of New York, 118 AD3d 537, 538 [1st Dept 2014]).
The City obtained actual notice of the accident within a reasonable time after the 90-day period expired (see Pendley v City of New York, 119 AD3d 410 [1st Dept 2014]). It does not contest petitioner's assertion that the condition of the hole remained unchanged at the time he sought leave (see Matter of Richardson v New York City Hous. Auth., 136 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). Although petitioner does not address whether anyone saw the accident, the bare claim that the delay would make it difficult for the City to locate witnesses is insufficient to establish prejudice (see Matter of Newcomb v Middle Country [*2]Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]; Lisandro v New York City Health & Hosps. Corp. [Metropolitan Hosp. Ctr.], 50 AD3d 304 [1st Dept 2008], lv denied 10 NY3d 715 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK