Matter of McLeod v Department of Sanitation (2020 NY Slip Op 03091)





Matter of McLeod v Department of Sanitation


2020 NY Slip Op 03091


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11586N 101065/17

[*1]In re John McLeod, Petitioner-Appellant,
v
Department of Sanitation, Defendant-Respondent.


John McLeod, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 28, 2017, which denied the petition to file a late notice of claim and granted respondent's motion to dismiss the proceeding, unanimously affirmed, without costs.
Petitioner seeks leave to file a late notice of claim alleging that his car was taken by respondent on August 8, 2016, when he received a summons from respondent charging that he had left an abandoned vehicle on a public street for more than six hours. The summons was dismissed after a hearing in January 2017, based on petitioner's showing that he did not intend to abandon the vehicle. On or about April 5, 2017, petitioner filed a notice of claim asserting for the first time that respondent was responsible for the loss of his vehicle. Several months after the City rejected the claim as untimely, petitioner sought leave to file a late notice of claim.
The court providently exercised its discretion in denying the petition. Petitioner made no showing that respondent "acquired actual knowledge of the essential facts constituting the claim" within 90 days after the claim arose or "within a reasonable time thereafter" (General Municipal Law § 50-e[5]), and failed to provide a reasonable excuse for his extended delay in filing a notice of claim and in seeking leave to file a late notice (see Matter of Smiley v Metropolitan Transp. Auth., 168 AD3d 631 [1st Dept 2019]; Tavarez v City of New York, 26 AD3d 297, 298-299 [1st Dept 2006]). Even if respondent had appeared at the aforementioned hearing concerning the summons, it would not have learned from any evidence or argument presented by petitioner that he was claiming that respondent, rather than a person or persons unknown, was responsible for the loss of his car. Petitioner also failed to demonstrate that filing a late notice of claim would not prejudice respondent in its ability to defend against the claim on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK