Bornschein v City of New York (2022 NY Slip Op 01961)





Bornschein v City of New York


2022 NY Slip Op 01961


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 160235/20 Appeal No. 15564 Case No. 2021-01478 

[*1]Jessica Bornschein, as Administratrix of the Estate of Ryan T. Bornschein, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered March 18, 2021, which denied the petition for leave to file a late notice of claim, unanimously affirmed, without costs.
Petitioner failed to show that respondents acquired actual knowledge of the essential facts constituting her claim of wrongful death, conscious pain and suffering, and personal injuries allegedly sustained by her decedent within 90 days after the claim arose or within a reasonable time thereafter (see General Municipal Law § 50-e[5]). Respondents' actual knowledge cannot be presumed, as petitioner submitted no reports generated by employees of respondents whose conduct forms the basis of this action and connects the decedent's death with any negligence on the part of respondents (see Matter of Orozco v City of New York, 200 AD3d 559, 562-563 [1st Dept 2021]).
Petitioner also failed to show that her 11-month delay in serving a notice of claim after the 90-day statutory period had expired would not substantially prejudice respondents in maintaining their defense on the merits (see Matter of McLeod v Department of Sanitation, 183 AD3d 548, 549 [1st Dept 2020]; Matter of J.H. v New York City Health & Hosps. Corp., 179 AD3d 452 [1st Dept 2020]). Thus, respondents were not required to make a particularized showing of prejudice (Matter of J.H., 179 AD3d 452).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022