Cruz v Ajim (2022 NY Slip Op 06062)

Cruz v Ajim

2022 NY Slip Op 06062

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 153410/20 Appeal No. 16550 Case No. 2021-03619 

[*1]Francisco Cruz, Plaintiff-Appellant,
v
Randy Ajim et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for appellant.
Krez & Flores, LLP, New York (Jonathan D. Goldsmith of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered July 21, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This personal injury action arose from a motor vehicle accident that occurred on April 15, 2019. Plaintiff alleged that his car was rear-ended by a truck operated by defendant Randy Ajim. Plaintiff served a notice of claim only upon defendant Metropolitan Transportation Authority (MTA). Defendants have argued that defendant Ajim was employed by the Triborough Bridge and Tunnel Authority (TBTA), not the MTA, and that the truck was owned by the TBTA, not the MTA, and plaintiff has never disputed those facts.
TBTA and MTA are separate entities, and service on one does not effectuate service on, or notice to, the other (see Nowinsky v City of New York, 189 AD2d 674, 675 [1st Dept 1993]; see also HRH Constr. LLC v Metropolitan Transp. Auth., 33 AD3d 568, 570 [1st Dept 2006]).
The facts here do not support the application of equitable estoppel, as defendants did not act or conduct themselves in a wrongful or negligent manner or engage in similar affirmative misconduct upon which plaintiff reasonably relied (see Bender v New York City Health & Hospitals Corp., 38 NY2d 662, 668 [1976]). There was never a representation at the 50-h hearing that counsel was appearing for TBTA or defendant Randy Ajim or that the hearing was being taken on their behalf. Moreover, defendants, on multiple occasions, notified plaintiff of his errors, i.e. that the notice of claim was stamped accepted for MTA only; defendants, before the expiration of the statute of limitations, denied ownership of the vehicle, denied Ajim was an employee of MTA, or that Ajim operated or controlled the vehicle with the knowledge, permission, or consent of MTA; and defendants pleaded the affirmative defenses of failure to serve a notice of claim on Ajim and that MTA was not a proper party (see Polsky v Metropolitan Transp. Auth., 37 AD3d 243, 243 [1st Dept 2007]; Delacruz v Metropolitan Transp. Auth., 45 AD3d 482, 482-483 [1st Dept 2007]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022