Matter of Salazar v Metropolitan Transp. Auth. (2023 NY Slip Op 04739)

Matter of Salazar v Metropolitan Transp. Auth.

2023 NY Slip Op 04739

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 153558/22 Appeal No. 638 Case No. 2023-00470 

[*1]In the Matter of Mercedes Salazar, Petitioner-Appellant,
v
Metropolitan Transportation Authority et al., Respondents-Respondents.

Mitchell Dranow, Sea Cliff, for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered December 7, 2022, which denied the petition under General Municipal Law § 50-e(5) for leave to serve a late notice of claim and dismissed the proceeding, unanimously affirmed, without costs.
Petitioner alleges that she was injured on October 10, 2021, when a bus on which she was a passenger stopped short, causing her to fall to the floor. She served a notice of claim on respondents on January 13, 2022, 95 days after the incident.
Supreme Court providently exercised its discretion in denying petitioner's application to file a late notice of claim (see General Municipal Law § 50-e [5]; Matter of Newcomb v Middle Country Cent. School Dist., 28 NY3d 455, 465 [2016]). Petitioner did not establish that respondents acquired actual knowledge of the essential facts constituting the claim within 90 days of the alleged accident. Even assuming that the bus operator saw the incident, his knowledge that petitioner had fallen did nothing to inform respondents that she was actually injured, let alone the extent of her injuries (see e.g. Bornschein v City of New York, 203 AD3d 570, 570 [1st Dept 2022]; Olivera v City of New York, 270 AD2d 5, 5-6 [1st Dept 2000]).
In addition, petitioner failed to establish a reasonable excuse for the delay (see Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 402 [1st Dept 2018]). Her assertion that she did not know about the notice of claim requirement or the deadline within which to file a notice of claim does not constitute a valid excuse (see e.g. Matter of Todd v New York City Health & Hosps. Corp. Off. of Legal Affairs, Claims Div., 129 AD3d 433, 433 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 1102 [2016]). Equally unavailing is the later excuse, proffered by her counsel, of law office failure, especially since counsel admitted that he was retained before the notice of claim deadline had expired but offered no excuse for failing to serve the notice of claim within the statutory timeframe (see e.g. Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]).
Finally, petitioner failed to show that respondents will not be substantially prejudiced by the delay in serving a notice of claim, as the failure to give notice deprived them of the opportunity to conduct a prompt investigation of the allegations (see Nossogona C. v New York City Health & Hosps. Corp., 213 AD3d 407, 408 [1st Dept 2023]; Ifejika-Obukwelu v New York City Dept. of Educ., 47 AD3d 447, 447 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023