Matter of Cani v New York City Health & Hosps. Corp. (2025 NY Slip Op 05296)

Matter of Cani v New York City Health & Hosps. Corp.

2025 NY Slip Op 05296

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 806790/24|Appeal No. 4839|Case No. 2024-05447|

[*1]In the Matter of Nadalija Cani, Petitioner-Appellant,
v
The New York City Health and Hospitals Corporation, Respondent-Respondent.

Goldstein & Handwerker, LLP, New York (Suzanne M. Saia of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 30, 2024, denying petitioner's motion for leave to file a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the petition for leave to file a late notice of claim (see e.g. Abad v New York City Health & Hosps. Corp., 114 AD3d 564, 565 [1st Dept 2014]). In support of her petition, petitioner failed to show that respondent had actual knowledge of the essential facts underlying the claim within 90 days of the accident or a reasonable time afterward (see General Municipal Law § 50-e[5]). Moreover, as Supreme Court noted, any possible investigation of the accident was impeded by the vagueness in the proposed notice of claim as to the location of the alleged slip and fall and as to the condition that proximately caused the accident. Petitioner's statements to medical personnel at respondent's hospital concerning her fall did not provide adequate notice, and in any event the medical personnel were not in a position to investigate her claim(see Matter of Jaime v City of New York, 41 NY3d 531, 540 [2024]). Petitioner also did not contend that the condition of the relevant location was unchanged from the time of the accident. Accordingly, petitioner failed to demonstrate the absence of prejudice to respondent resulting from the delay of approximately nine months in filing the notice of claim, and respondent was therefore not required to make a particularized showing of prejudice to its ability to defend on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016]; Bornschein v City of New York, 203 AD3d 570, 570 [1st Dept 2022]).
Petitioner also failed to establish a reasonable excuse for the late filing. Although petitioner presented evidence that she was unable to effectuate service on respondent at the correct address for three months, the record shows that she waited an inordinate amount of time between attempts (see Chattergoon v New York City Hous. Auth., 161 AD2d 141, 142 [1st Dept 1990], appeal dismissed 76 NY2d 875 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025