| Fernandez v City of New York |
|:---:|
| 2026 NY Slip Op 30823(U) |
| March 9, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 154944/2025 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. RICHARD TSAI**
                                    *Justice*

| | |
|---|---|
| PART | 21 |

-------------------------------------------------------------------------------X

FERNANDO VILLAR FERNANDEZ,

                      Petitioner,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
TRANSIT AUTHORITY, and THE METROPOLITAN
TRANSPORTATION AUTHORITY,

                      Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154944/2025 |
| MOTION DATE | 06/09/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-10

were read on this motion to/for             LEAVE TO AMEND NOTICE OF CLAIM            .

Upon the foregoing documents, it is **ADJUDGED** that the petition for leave to serve an amended notice of claim is **DENIED**, and the proceeding is dismissed.

Petitioner seeks leave to amend a notice of claim previously served on October 17, 2024 and/or to deem an amended notice of claim timely served nunc pro tunc. Respondents New York City Transit Authority and Metropolitan Transportation Authority (collectively, the Transit Respondents) oppose the petition.

The petition alleges that a notice of claim was purportedly served on October 17, 2024 (*see* petition ¶ 3 [NYSCEF Doc No. 1]). The original notice of claim asserts that, on September 19, 2024, petitioner was rear-ended by a bus while he "was driving over W 146th [S]t at intersection of Lenox" (*see* Exhibit A in support of petition, original notice of claim [NYSCEF Doc. No. 3]). By a denial letter dated October 31, 2024, the MTA Bus Company acknowledged receipt of the notice of claim, but the letter informed petitioner's counsel that it was not the proper party to this action (*see* Exhibit B in support of petition [NYSCEF Doc. No. 4]).

The amended notice of claim is addressed to the respondent City of New York (City) and the Transit Respondents (*see* Exhibit C [NYSCEF Doc. No. 5]).

As a threshold matter, the Transit Respondents contend that petitioner failed to properly serve the order to show cause. The Transit Respondents correctly point out that this court emphasized that, because the petition and order to show cause were initiatory papers, personal service was required. However, in signing the order to show cause, this court did not strike that portion of the proposed order to show cause which allowed service by certified mail, which occurred here.

**154944/2025  VILLAR FERNANDEZ, FERNANDO vs. THE CITY OF NEW YORK ET AL**                    Page 1 of 5
**Motion No.  001**

[* 1]

Given that service by certified mail was not stricken, thereby creating an ambiguity as to the correct method of service, the order to show cause will not be denied on the ground of defective service.

Turning to the merits, amendment of the notice of claim "is permitted only where the error in the original notice of claim was made in good faith, the municipality is not prejudiced, and the amendment does not substantively change the nature of the claim" (*Pisano v Metropolitan Transp. Auth.*, 191 AD3d 907, 908 [2d Dept 2021]; *see* General Municipal Law § 50-e [6]).

However, as the Transit Respondents correctly point out, General Municipal Law § 50-e (6) is not applicable here, because the petition is seeking to amend a notice of claim to add parties who had not been served with the original notice of claim. Petitioner concedes that the original notice of claim was not served upon the City of New York or the Metropolitan Transportation Authority (*see* petition ¶ 5). In reply, petitioner concedes that the New York City Transit Authority was not originally served with the notice of claim (*see* reply affirmation of counsel in support of petition ¶ 5 [NYSCEF Doc. No. 10]).[1] The only entity which acknowledged receipt of the original notice of claim was the MTA Bus Company.

Thus, whether the petition should be granted is governed by General Municipal Law § 50-e (5) (*see Matter of Corwin v City of New York*, 141 AD3d 484, 488 [1st Dept 2016] ["amendments that create new theories of liability do not fall within the purview of General Municipal Law § 50–e (6)"]).

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public

---

[1] There is no proof that the original notice of claim had been served upon respondent New York City Transit Authority, whose office is located at 130 Livingston Street in Brooklyn, New York 11201. The tracking history that accompanied the original notice of claim indicated that an item was delivered to "New York, NY 10004" (*see* Exhibit A in support of petition).

**154944/2025   VILLAR FERNANDEZ, FERNANDO vs. THE CITY OF NEW YORK ET AL**                    Page 2 of 5
**Motion No.  001**

2 of 5

[* 2]

corporation in maintaining its defense on the merits' "(*Matter of Newcomb v Middle Country Cent. School Dist*., 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has "a reasonable excuse" for the delay in filing the notice of claim (*see e.g. Matter of Vijeu v New York City Health & Hosps. Corp.*, 202 AD3d 425, 426 [1st Dept 2022]; *Matter of McLeod v Department of Sanitation*, 183 AD3d 548, 549 [1st Dept 2020]; *Matter of Salazar v City of New York*, 212 AD3d 633, 634-35 [2d Dept 2023]). "While the statute does not explicitly provide for the consideration of that factor, the statute is nonexhaustive and this factor has firmly taken root in the case law" (*Matter of Jaime*, 41 NY3d at 541).

However, the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth*., 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth*., 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

## A. Excuse for Delay

Here, petitioner offers no excuse for the delay.

## B. Actual Knowledge

Petitioner has failed to establish that either the Transit Respondents or the City had timely, actual knowledge of the underlying facts constituting petitioner's claims.

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth*., 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

"The evidence of actual knowledge need not be exhaustive, provided the petitioner meets the applicable evidentiary burden" (*Matter of Jaime*, 41 NY3d at 543).

[* 3]

Here, petitioner apparently argues that the City and the Transit Respondents acquired timely, actual knowledge of the essential facts constituting petitioner's claims based on service of the notice of claim upon the MTA Bus Company, which acknowledged receipt (*see* petition ¶ 16 ["they not only acknowledged the Notice of Claim, but served a disallowance letter"]).

However, the Transit Respondents and the City of New York are distinct and separate entities from the MTA Bus Company (*see e.g. Cruz v Ajim*, 209 AD3d 605, 605 [1st Dept 2022] ["TBTA and MTA are separate entities, and service on one does not effectuate service on, or notice to, the other"]; *see HRH Const. LLC v Metro. Transp. Auth.*, 33 AD3d 568, 570 [1st Dept 2006] ["The letter to the New York City Transit Authority was not sufficient notice to the MTA, a separate entity"]; *Reis v Manhattan and Bronx Surface Tr. Operating Auth*., 161 AD2d 288 [1st Dept 1990] [MABSTOA and NYCTA are separate entities]). It therefore follows that any knowledge that the MTA Bus Company acquired when it received the notice of claim cannot be imputed either to the City or to the Transit Respondents.

In reply, petitioner argues that an "accident information exchange" given to petitioner proves that respondents had actual knowledge of the incident (*see* reply affirmation of petitioner's counsel ¶ 7).

The "accident information exchange" suggests that the information was provided by a bus operator, who is employed by the New York City Transit Authority. However, when considering knowledge through imputation, "courts should not assume that every municipal employee's knowledge of essential facts is necessarily imputed to the municipality" (*Matter of Jaime,* 41 NY3d at 540). The Court of Appeals reasoned that "[a]llowing imputation in every case would undermine the purpose of the notice of claim requirement because not every employee's knowledge will necessarily afford the municipality an opportunity to commence a prompt investigation" (*id.*). "Generally, knowledge of essential facts as to time and place by an actor *in a position to investigate* will suffice" (*id.* [emphasis added]).

Because the bus operator is not "in a position to investigate" (*see e.g. Matter of Cani v New York City Health and Hosps. Corp.*, 242 AD3d 408, 409 [1st Dept 2025]), the bus operator's knowledge of the collision cannot be imputed to the Transit Respondents. Neither can such knowledge be imputed to the City, which is a separate and distinct entity from the Transit Respondents.

## C. Substantial Prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).[2]

---

[2] For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely

**154944/2025  VILLAR FERNANDEZ, FERNANDO vs. THE CITY OF NEW YORK ET AL**                Page 4 of 5
**Motion No.  001**

4 of 5

[* 4]

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Petitioner correctly points out that "actual notice of the facts constituting the claim within 90 days of the accident or a reasonable time thereafter also provides a 'plausible argument' that respondents will not be substantially prejudiced in investigating and defending the claim" (*Matter of Dubuche v New York City Tr. Auth*., 230 AD3d 1026, 1027 [1st Dept 2024]). However, as discussed above, this court rejected petitioner's argument that the Transit Respondents and the City had timely, actual knowledge of petitioner's claims for personal injuries. Petitioner therefore did not meet his initial burden that late notice will not substantially prejudice the City or the Transit Respondents.

## CONCLUSION

Accordingly, it is hereby **ADJDUGED** that the petition is **DENIED** and the proceeding is dismissed.

**ENTER:**

20260309125900RTSAIEE343A1B75EC4B149E07A2926CA62FD7

| __3/9/2026__ | | | | | __RICHARD TSAI, J.S.C.__ |
| DATE | | | | | |

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

service had been made (*see Camins v New York City Hous. Auth*., 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth*., 87 AD3d 425, 425 [1st Dept 2011]).

**154944/2025   VILLAR FERNANDEZ, FERNANDO vs. THE CITY OF NEW YORK ET AL**                 **Page 5 of 5**
**Motion No.  001**

5 of 5

[* 5]